**FILED**

DEC 2 - 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAFENET, INC., ANTHONY CAPUTO, KENNETH MUELLER, CLINTON "RONALD" GREENMAN, JOHN WILROY, AND GREGORY PASKO,<br><br>Defendants. | Civil Case No.<br><br>09 2117 |

## FINAL JUDGMENT AS TO DEFENDANT SAFENET, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant SafeNet, Inc. ("SafeNet") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Regulation G [17 C.F.R. § 244.100, *et.seq.*] which provides that:

(a) Whenever a registrant, or a person acting on its behalf, publicly discloses material information that includes a non-GAAP financial measure, the registrant must accompany that non-GAAP measure with:

(1) A presentation of the most directly comparable financial measure calculated and presented in accordance with Generally Accepted Accounting Principles (GAAP); and

(2) A reconciliation (by schedule or other clearly understandable method), which shall be quantitative for historical non-GAAP measures presented, and quantitative, to the extent available without unreasonable efforts, for forward-looking information, of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP.

(b) A registrant, or a person acting on its behalf, shall not make public a non-GAAP financial measure that, taken together with the information accompanying that measure and any other accompanying discussion of that measure, contains an untrue statement of a material fact or omits to state a material fact necessary in order to make the presentation of the non-GAAP financial measure, in light of the circumstances under which it is

presented, not misleading.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], to file with the Commission such accurate and complete information, reports, statements, or documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's rules thereunder, including, but not limited to, annual reports on Form 10-K as prescribed by Commission Rule 13a-1 [17 C.F.R. §240.13a-1], current reports on Form 8-K as prescribed by Exchange Act Rule 13a-11 [17 C.F.R. § 240.13a-11], and quarterly reports on Form 10-Q as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], and which shall contain, in addition to the information expressly required to be included in such statements or reports, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], to (A) make or keep books, records, or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer, and (B) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9], promulgated thereunder, by directly or indirectly, by making use of the

mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise to solicit by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false and misleading with respect to material facts, or omit to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct any statement in earlier communications with respect to the solicitation of the proxy for the same meeting or subject matter which has become false or misleading.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $1,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying SafeNet, Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall also simultaneously transmit photocopies of such payments and letters to the Commission's counsel in this action. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of SafeNet, Inc. is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 12/1/09

_____
UNITED STATES DISTRICT JUDGE