FILED

DEC 2 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SECURITIES AND EXCHANGE COMMISSION,

**Plaintiff,**

**v.**

SAFENET, INC., ANTHONY CAPUTO, KENNETH
MUELLER, CLINTON "RONALD" GREENMAN,
JOHN WILROY, AND GREGORY PASKO,

**Defendants.**

Civil Case No.

09 2117

**FINAL JUDGMENT AS TO DEFENDANT
ANTHONY CAPUTO**

The Securities and Exchange Commission having filed a Complaint and Defendant

Anthony Caputo ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this final

judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction);

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and his

agents, servants, employees, attorneys and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933

("Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b)     to engage in any transaction, practice or course of business that operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Regulation G [17 C.F.R. § 244.100, *et. seq.*], which provides that:

(a)     Whenever a registrant, or a person acting on its behalf, publicly discloses material information that includes a non-GAAP financial measure, the registrant must accompany that non-GAAP measure with:

(1)     A presentation of the most directly comparable financial measure calculated and presented in accordance with Generally Accepted Accounting Principles (GAAP); and

(2)     A reconciliation (by schedule or other clearly understandable method), which shall be quantitative for historical non-GAAP measures presented, and quantitative, to the extent available without unreasonable efforts, for forward-looking information,

2

of the differences between the non-GAAP financial measure

disclosed or released with the most comparable financial

measure or measures calculated and presented in accordance

with GAAP.

(b)     A registrant, or a person acting on its behalf, shall not make public a non-GAAP

financial measure that, taken together with the information accompanying that

measure and any other accompanying discussion of that measure, contains an

untrue statement of a material fact or omits to state a material fact necessary in

order to make the presentation of the non-GAAP financial measure, in light of the

circumstances under which it is presented, not misleading.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by

knowingly circumventing or knowingly failing to implement a system of internal accounting

controls or knowingly falsifying any book, record, or account subject to Section 13(b)(2) of the

Exchange Act [15 U.S.C. § 78m(b)(2)].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

3

otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange

Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9], promulgated thereunder,

directly or indirectly, by making use of the mails or by any means or instrumentality of interstate

commerce or of any facility of a national securities exchange or otherwise, to solicit by means of a

proxy statement, form of proxy, notice of meeting or other communication, written or oral,

containing any statement which, at the time and in light of the circumstances under which it is

made, is false and misleading with respect to material facts, or omit to state material facts

necessary in order to make the statements therein not false or misleading or necessary to correct

any statement in earlier communications with respect to the solicitation of the proxy for the same

meeting or subject matter which has become false or misleading.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange

Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3], promulgated thereunder,

directly or indirectly, by failing to file, by improperly filing, or by filing inaccurate information in

statements with the Commission regarding (i) ownership of an issuer's securities, which are

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or (ii) any changes in the

ownership of such securities.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17

C.F.R. § 240.13a-14], directly or indirectly, by signing false personal certifications indicating that

they have reviewed periodic reports containing financial statements that an issuer filed with the

Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based

on their knowledge:

    (a)      these reports do not contain any untrue statement of material fact or omit to state a

                material fact necessary to make the statements made, in light of the circumstances

                under which such statements were made, not misleading with respect to the period

                covered by the report; and

    (b)      that information contained in these reports fairly present, in all material respects,

                the financial condition and results of the issuer's operations.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange

Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying, or causing to be falsified, any book,

record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17

C.F.R. § 240.13b2-2] by, directly or indirectly:

(a)     making or causing to be made a materially false or misleading statement, or

omitting to state or causing another person to omit to state any material fact

necessary in order to make such statements made, in light of the circumstances

under which such statements were made, not misleading, to an accountant in

connection with the following: (i) any audit, review or examination of the financial

statements of an issuer, or (ii) in the preparation or filing of any document or report

required to be filed with the Commission; or

(b)     taking action, or directing another to take action, to coerce, manipulate, mislead, or

fraudulently influence any independent public or certified public accountant

engaged in the performance of an audit or review of an issuer's financial statements

required to be filed with the Commission, while knowing or while it should have

been known that such action, if successful, could result in rendering the issuer's

financial statements materially misleading.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1,

13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in filing (i) inaccurate annual, quarterly, or current reports with the Commission on Forms 10-K, 10-Q or 8-K, or (ii) such periodic reports that fail to contain material information necessary to make required statements, in light of the circumstances under which they are made not misleading.

X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any

7

violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly

providing substantial assistance to an issuer, which has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. §78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to devise and maintain a system

of internal accounting controls sufficient to provide reasonable assurances that:

    (a)    transactions are executed in accordance with management's general or specific
authorization;

    (b)    transactions are recorded as necessary (i) to permit preparation of financial
statement in conformity with generally accepted accounting principles or any other
criteria applicable to such statements; and (ii) to maintain accountability for assets;

    (c)    access to assets is permitted only in accordance with management's general or
specific authorization; and

    (d)    the recorded accountability for assets is compared with the existing assets at
reasonable intervals and appropriate action is taken with respect to any differences.

## XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is liable for disgorgement of $1,690,000, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$214,000 for a total of $1,904,000.  These disgorgement amounts and interest are deemed paid in

full because the Defendant has previously paid these amounts to SafeNet, Inc.  By having made

these payments, Defendant relinquished all legal and equitable right, title and interest in such

funds, and no part of the funds shall be returned to Defendants.

## XIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant shall pay a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)].  Defendant shall make this payment within ten (10) business days after entry of this

Final Judgment by certified check, bank cashier's check, or United States postal money order

payable to the Securities and Exchange Commission.  Such payment shall be delivered or mailed

to the Office of Financial Management, Securities and Exchange Commission, Operations Center,

6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied

by a letter identifying Anthony Caputo as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment.  Defendant shall also simultaneously transmit photocopies of such

payments and letters to the Commission's counsel in this action.  Defendant shall pay post-

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission

shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XIV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Consent of Defendant Anthony Caputo is incorporated herein with the same force and effect as if

fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements

set forth therein.

XV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: 12/1/09

_____
**UNITED STATES DISTRICT JUDGE**