UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAFENET, INC., ANTHONY CAPUTO, KENNETH
MUELLER, CLINTON RONALD GREENMAN,
JOHN WILROY, AND GREGORY PASKO,

Defendants.

Civil Case No.

09 2117

FINAL JUDGMENT AS TO DEFENDANT
CLINTON RONALD GREENMAN

The Securities and Exchange Commission having filed a Complaint and Defendant Clinton

Ronald Greenman ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this final

judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction);

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and his

agents, servants, employees, attorneys and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) under the Securities Act of

1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] in the offer or sale of any security

by the use of any means or instruments of transportation or communication in interstate commerce

or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice or course of business that operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 240.13b2-1] by falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly:

    (a)    making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make such statements made, in light of the circumstances

under which such statements were made, not misleading, to an accountant in
connection with the following: (i) any audit, review or examination of the financial
statements of an issuer, or (ii) in the preparation or filing of any document or report
required to be filed with the Commission; or

(b)      taking action, or directing another to take action, to coerce, manipulate, mislead, or
fraudulently influence any independent public or certified public accountant
engaged in the performance of an audit or review of an issuer's financial statements
required to be filed with the Commission, while knowing or while it should have
been known that such action, if successful, could result in rendering the issuer's
financial statements materially misleading.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from aiding and abetting any violation of
Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1,
13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by
knowingly providing substantial assistance to an issuer, which has a class of securities registered
pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports
pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in filing (i) inaccurate annual,
quarterly, or current reports with the Commission on Forms 10-K, 10-Q or 8-K, or (ii) such
periodic reports that fail to contain material information necessary to make required statements in
light of the circumstances under which they are made not misleading.

3

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with any of them who receive actual notice of this Final Judgment, by personal

service or otherwise, are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly

providing substantial assistance to an issuer, which has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to make and keep books,

records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and

disposition of the assets of the issuer.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with any of them who receive actual notice of this Final Judgment, by personal

service or otherwise, are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly

providing substantial assistance to an issuer, which has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to devise and maintain a system

of internal accounting controls sufficient to provide reasonable assurances that:

(a)     transactions are executed in accordance with management's general or specific

authorization;

4

(b)     transactions are recorded as necessary (i) to permit preparation of financial

statement in conformity with generally accepted accounting principles or any other

criteria applicable to such statements; and (ii) to maintain accountability for assets;

(c)     access to assets is permitted only in accordance with management's general or

specific authorization; and

(d)     the recorded accountability for assets is compared with the existing assets at

reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is liable for disgorgement of $45,000, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$13,960, for a total of $58,960.  Based on Defendant's sworn representations in his Statement of

Financial Condition dated August 20, 2009, and other documents and information submitted to the

Commission, the Court is not ordering Defendant to pay a civil penalty and payment of all but

$15,000 of the disgorgement and pre-judgment interest thereon is waived.  Defendant shall satisfy

this obligation, pursuant to the terms of the payment schedule set forth in paragraph VIII. below,

by certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission.  The payments shall be delivered or mailed to the Office of

Financial Management, Securities and Exchange Commission, Operations Center, 6432 General

Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying Clinton Ronald Greenman as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent

amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

The determination not to impose a civil penalty and to waive payment of all but $15,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

6

## VIII.

### IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant shall pay the $15,000, in twelve installments, according to the following schedule:

1.  $1250 within 90 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
2.  $1250 within 180 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
3.  $1250 within 270 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
4.  $1250 within 360 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
5.  $1250 within 450 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
6.  $1250 within 540 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
7.  $1250 within 630 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
8.  $1250 within 720 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
9.  $1250 within 810 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
10. $1250 within 900 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961;
11. $1250 within 990 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and
12. $1250 within 1080 calendar days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Consent of Defendant Clinton Ronald Greenman is incorporated herein with the same force and

effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and

agreements set forth therein.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: _12/1/09_

_____
**UNITED STATES DISTRICT JUDGE**

8