UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC - 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAFENET, INC., ANTHONY CAPUTO, KENNETH MUELLER, CLINTON "RONALD" GREENMAN, JOHN WILROY, AND GREGORY PASKO,

Defendants.

Civil Case No.

09 2117

**FINAL JUDGMENT AS TO DEFENDANT KENNETH MUELLER**

The Securities and Exchange Commission having filed a Complaint and Defendant Kenneth Mueller ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

 (b)  to obtain money or property by means of any untrue statement of a material fact, or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a)  to employ any device, scheme, or artifice to defraud;

 (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Regulation G [17 C.F.R. § 244.100, *et seq.*] which provides that:

(a)   Whenever a registrant, or a person acting on its behalf, publicly discloses material information that includes a non-GAAP financial measure, the registrant must accompany that non-GAAP measure with:

    (1)   A presentation of the most directly comparable financial measure calculated and presented in accordance with Generally Accepted Accounting Principles (GAAP); and

    (2)   A reconciliation (by schedule or other clearly understandable method), which shall be quantitative for historical non-GAAP measures presented, and quantitative, to the extent available without unreasonable efforts, for forward-looking information, of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP.

(b)   A registrant, or a person acting on its behalf, shall not make public a non-GAAP financial measure that, taken together with the information accompanying that measure and any other accompanying discussion of that measure, contains an untrue statement of a material fact or omits to state a material fact necessary in order to make the presentation of the non-GAAP financial measure, in light of the circumstances under which it is presented, not misleading.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account subject to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9], promulgated thereunder, directly or indirectly, by making use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, to solicit by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false and misleading with respect to material facts, or omit to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct any statement in earlier communications with respect to the solicitation of the proxy for the same meeting or subject matter which has become false or misleading.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule

16a-3 [17 C.F.R. § 240.16a-3], promulgated thereunder, directly or indirectly, by failing to file, by improperly filing, or by filing inaccurate information in statements with the Commission regarding (i) ownership of an issuer's securities, which are registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or (ii) any changes in the ownership of such securities.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], directly or indirectly, by signing false personal certifications indicating that they have reviewed periodic reports containing financial statements that an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based on their knowledge:

(a) these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and

(b) that information contained in these reports fairly present, in all material respects, the financial condition and results of the issuer's operations.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined by violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R.

§ 240.13b2-1] by falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly:

(a) making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make such statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the following: (i) any audit, review or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission; or

(b) taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in filing (i) inaccurate annual, quarterly, or current reports with the Commission on Forms 10-K, 10-Q or 8-K, or (ii) such periodic reports that fail to contain material information necessary to make required statements in light of the circumstances under which they are made not misleading.

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

## XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary (i) to permit preparation of financial statement in conformity with generally accepted accounting principles or any other criteria applicable to such statements; and (ii) to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## XIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of entry of this Final

Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XIV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $78,250, plus prejudgment interest of $ 21,349.75. However, based upon Defendant's prior settlement with SafeNet, the Defendant is only ordered to pay disgorgement of $37,000, plus prejudgment interest of $13,561. In addition, the Defendant is ordered to pay a civil penalty of $ 75,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation, pursuant to the terms of the payment schedule set forth in paragraph XV below, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Kenneth Mueller as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay $125,561 in two installments according to the following schedule: (1) $100,561 within ten (10) business days of entry of this Final Judgment; and (2) $25,000 within 180 calendar days of entry of

this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961. If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## XVI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Kenneth Mueller is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XVII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 12/1/09

_____
**UNITED STATES DISTRICT JUDGE**