UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 - 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAFENET, INC., ANTHONY CAPUTO, KENNETH MUELLER, CLINTON "RONALD" GREENMAN, JOHN WILROY, AND GREGORY PASKO,

Defendants.

Civil Case No.

**09 2117**

---

## FINAL JUDGMENT AS TO DEFENDANT
## JOHN WILROY

The Securities and Exchange Commission having filed a Complaint and Defendant John Wilroy ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to obtain money or property by means of any untrue statement of a material fact or

any omission of a material fact necessary in order to make the statements made, in

light of the circumstances under which they were made, not misleading; or

(b)     to engage in any transaction, practice or course of business that operates or would

operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule

13b2-1 under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 240.13b2-1] by

falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of

the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17

C.F.R. § 240.13b2-2] by, directly or indirectly:

(a)     making or causing to be made a materially false or misleading statement, or

omitting to state or causing another person to omit to state any material fact

necessary in order to make such statements made, in light of the circumstances

under which such statements were made, not misleading, to an accountant in

2

connection with the following: (i) any audit, review or examination of the financial

statements of an issuer, or (ii) in the preparation or filing of any document or report

required to be filed with the Commission; or

(b)    taking action, or directing another to take action, to coerce, manipulate, mislead, or

fraudulently influence any independent public or certified public accountant engaged in the

performance of an audit or review of an issuer's financial statements required to be filed with the

Commission, while knowing or while it should have been known that such action, if successful,

could result in rendering the issuer's financial statements materially misleading.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and his agents, servants, employees, attorneys and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1,

13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by

knowingly providing substantial assistance to an issuer, which has a class of securities registered

pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports

pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in filing (i) inaccurate annual,

quarterly, or current reports with the Commission on Forms 10-K, 10-Q or 8-K, or (ii) such

periodic reports that fail to contain material information necessary to make required statements in

light of the circumstances under which they are made not misleading.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with any of them who receive actual notice of this Final Judgment, by personal

service or otherwise, are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly

providing substantial assistance to an issuer, which has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to make and keep books,

records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and

disposition of the assets of the issuer.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant and his agents, servants, employees, attorneys, and all persons in active concert or

participation with any of them who receive actual notice of this Final Judgment, by personal

service or otherwise, are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly

providing substantial assistance to an issuer, which has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to devise and maintain a system

of internal accounting controls sufficient to provide reasonable assurances that:

    (a)    transactions are executed in accordance with management's general or specific

            authorization;

(b)     transactions are recorded as necessary (i) to permit preparation of financial

statement in conformity with generally accepted accounting principles or any other

criteria applicable to such statements; and (ii) to maintain accountability for assets;

(c)     access to assets is permitted only in accordance with management's general or

specific authorization; and

(d)     the recorded accountability for assets is compared with the existing assets at

reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant shall pay a civil penalty in the amount of $25,000 pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this

Final Judgment by certified check, bank cashier's check, or United States postal money order

payable to the Securities and Exchange Commission. Such payment shall be delivered or mailed

to the Office of Financial Management, Securities and Exchange Commission, Operations Center,

6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied

by a letter identifying John Wilroy as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment. Defendant shall also simultaneously transmit photocopies of such

payments and letters to the Commission's counsel in this action. Defendant shall pay post-

judgment interest on any delinquent amounts pursuant to 28 U.S.C § 1961. The Commission shall

remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the
Consent of Defendant John Wilroy is incorporated herein with the same force and effect as if fully
set forth herein, and that Defendant shall comply with all of the undertakings and agreements set
forth therein.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this
Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final
Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil
Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _12/1/09_


_____

**UNITED STATES DISTRICT JUDGE**